## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **MACKENSON VICTORIN & MELINDA VICTORIN,** | ) ) ) |
| **Plaintiffs,** | ) ) ) |
| **v.** | ) ) **Civil Action No. 2012-037** |
| **ELIZABETH MAYNARD, KELSON MAYNARD, THE HAMILTON GROUP, LTD d/b/a HAMILTON REAL ESTATE & HERBERT PASCAL,** | ) ) ) ) ) |
| **Defendants.** | ) ) |
| _____ | ) |

**Attorneys:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
     *For the Plaintiffs*

**Simone D. Francis, Esq.,**
St. Thomas, U.S.V.I.
     *For Defendants Elizabeth and Kelson Maynard*

**Ellen G. Donovan, Esq.,**
St. Croix, U.S.V.I.
     *For Defendant The Hamilton Group*

### <u>MEMORANDUM OPINION</u>

THIS MATTER comes before the Court on Plaintiffs' "Motion to Sever and Dismiss Plaintiffs' Negligence Claims" (Dkt. No. 60);[1] the Maynard Defendants' Opposition to Plaintiffs' Motion (Dkt. No. 63); Defendant The Hamilton Group's Opposition to Plaintiffs' Motion (Dkt. No. 67); and Plaintiffs' Consolidated Reply to both Oppositions (Dkt. No. 73). For

---

[1] Plaintiffs' Motion was erroneously titled "Motion to Sever and Dismiss Plaintiffs' Fair Labor Standards Act Claim." (Dkt. No. 60). In Plaintiffs' Reply, they note that their Motion should be titled "Motion to Sever and Dismiss Plaintiffs' Negligence Claims." (Dkt. No. 73 at 1 n.1). The Court will refer to Plaintiffs' Motion by the amended title.

the reasons that follow, the Court will grant Plaintiffs' Motion and dismiss Plaintiffs' negligence and breach of contract claims.

## I.   BACKGROUND

By Complaint filed on April 3, 2012, Plaintiffs Mackenson and Melinda Victorin ("Plaintiffs") initiated this action against Defendants Elizabeth and Kelson Maynard (the "Maynard Defendants");[2] The Hamilton Group, Ltd. doing business as Hamilton Real Estate ("Hamilton"); and Herbert Pascal ("Pascal"). (Dkt. No. 1). In their Complaint, Plaintiffs asserted claims against Pascal under the Fair Labor Standards Act ("FLSA") (Count I) and the Virgin Islands Fair Wage and Hour Act ("VIFWHA") (Count II). (*Id.* at ¶¶ 30–35). Additionally, Plaintiffs filed claims against all Defendants for negligence (Count III) and a claim against Hamilton, as a third party beneficiary to a contract Hamilton allegedly breached with the Maynard Defendants (Count IV). (*Id.* at ¶¶ 36–43).

Plaintiffs allege that Mackenson Victorin ("Mr. Victorin") worked "from time to time" for Defendant Pascal over four years performing maintenance, construction, and painting work. (*Id.* at ¶ 7). According to Plaintiffs, Pascal violated the FLSA and VIFWHA by failing to pay Mr. Victorin "double time for holidays or Sunday work or over 40 hours of work." (*Id.* at ¶ 10). Plaintiffs further allege that Defendant Pascal failed to "take out and match" Mr. Victorin's social security payments, withhold taxes, and take out Worker's Compensation insurance for his employees. (*Id.* at ¶¶ 11–12).

With regard to their negligence claim, Plaintiffs allege that Mr. Victorin was injured on March 20, 2011, when he slipped and fell between twenty-five and thirty feet to the ground while

---

[2] The Complaint was filed against Keelson Maynard. In their Opposition to the instant Motion, the Maynard Defendants indicated that Mr. Maynard was incorrectly identified as Keelson rather than Kelson Maynard. (Dkt. No. 63 at 1).

painting the roof of the Maynard Defendants' home. (*Id.* at ¶¶ 19–23). Defendant Pascal allegedly did not provide Mr. Victorin with scaffolding for the task, despite Mr. Victorin's previous request for scaffolding when working on slope roofs. (*Id.* at ¶¶ 20–22).

As a result of his fall, Mr. Victorin allegedly suffered a broken back, broken ribs, lost use of his left leg, and other physical injuries. (*Id.* at ¶ 28). Plaintiffs allege that because Defendant Pascal did not have worker's compensation insurance and did not follow through with his representations that he would "take care of" Mr. Victorin, Plaintiffs have been unable to obtain needed medical care for Mr. Victorin. (*Id.* at ¶¶ 24–27). In addition to his medical expenses, Plaintiffs allege that Mr. Victorin has suffered loss of income, loss of capacity to earn income, mental anguish, pain and suffering, and loss of enjoyment of life. (*Id.* at ¶ 28). Melinda Victorin has allegedly lost the love and affection of her husband. (*Id.*).

Plaintiffs seek damages from all Defendants for the injuries and losses sustained as a result of Mr. Victorin's fall. Plaintiffs allege that the Maynard Defendants contracted with Hamilton to acquire a contractor to perform work on the Maynards' home; that Hamilton negligently recommended Defendant Pascal; and that the Maynard Defendants negligently retained him. (*Id.* at ¶¶ 14–16). Plaintiffs further claim that Hamilton and the Maynard Defendants knew, or had reason to know, that Pascal was not reputable, did not employ safe working practices, and did not carry liability or worker's compensation insurance. (*Id.* at ¶¶ 15–16). In addition, Plaintiffs claim that Mr. Victorin was a third party beneficiary to the contract between the Maynard Defendants and Hamilton, which Hamilton allegedly breached by negligently recommending that the Maynard Defendants hire Pascal. (*Id.* at ¶¶ 39–42).

## II.   DISCUSSION

Plaintiffs request that the Court sever their FLSA and VIFWHA claims against Defendant

Pascal; retain jurisdiction over those claims; and dismiss without prejudice Plaintiffs' negligence and breach of contract claims.[3] Plaintiffs argue that the Court does not have supplemental jurisdiction over their local claims under Title 28 U.S.C. § 1367(a). In the alternative, Plaintiffs argue that if the Court has supplemental jurisdiction over these claims under Section 1367(a), it should decline to exercise it under Section 1367(c).

Defendants contend that the Court has supplemental jurisdiction over Plaintiffs' local claims, and that the Court should not decline to exercise it. Defendants request attorney's fees and costs in the event that the Court grants Plaintiffs' Motion and dismisses the local claims.

Plaintiffs are correct. The Court does not have supplemental jurisdiction over their local claims. Accordingly, the Court will dismiss those claims. Further, because the Court is dismissing Plaintiffs' local claims for lack of subject matter jurisdiction, the Court will deny Defendants' request for an award of fees and costs.

**A.      Supplemental Jurisdiction**

**1.      Legal Standard**

Section 1367(a) provides in pertinent part that when a district court has federal question jurisdiction over any claims in an action before it, the court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

---

[3] In their moving papers, Plaintiffs never specifically request that the Court retain jurisdiction over their VIFWHA claim or that the Court sever and dismiss their breach of contract claim. However, Plaintiffs note that their Complaint "alleges two main causes of action, (1) [FLSA] violations solely against Defendant Herbert Pascal and (2) negligence against all of the parties." (Dkt. No. 73 at 4). Plaintiffs submitted their proposed First Amended Complaint (with track changes), which includes their VIFWHA claim and omits their breach of contract claim. (Dkt. No. 73-1). Additionally, Plaintiffs submitted their proposed Complaint for the Superior Court of the Virgin Islands, which includes their breach of contract claim. (Dkt. No. 73-2). Hereafter, the Court will refer to Plaintiffs' negligence and breach of contract claims collectively as "Plaintiffs' local claims."

Constitution." 28 U.S.C. § 1367(a).[4] In order for a court to exercise supplemental jurisdiction over state law claims, "[t]he state and federal claims must derive from a common nucleus of operative facts" and "the plaintiff's claims [must be] such that he would ordinarily be expected to try them all in one judicial proceeding." *Lyon v. Whisman*, 45 F.3d 758, 760 (3d Cir. 1995) (citing *United Mineworkers v. Gibbs*, 383 U.S. 715, 725 (1966)). The state claims must satisfy both the "nexus" (common nucleus of operative facts) requirement and the "one proceeding" requirement. *Id.* ("Because we find that there was an insufficient factual nexus between the federal and state claims to establish a common nucleus of operative facts, we will not consider the "one proceeding" arm of *Gibbs*.").

## 2.    Analysis

The Maynard Defendants argue that there is a nexus between Plaintiffs' FLSA claim and their local claims because they "arise from the employment relationship between Victorin and Pascal." (Dkt. No. 63 at 4). Similarly, Hamilton argues that "Pascal's alleged FLSA violations are relevant to Hamilton and Maynard's alleged failure to know that Pascal was not a reputable

---

[4] Title 28 U.S.C. § 1367(a) empowers district courts that have original jurisdiction over an action—through federal question or diversity of citizenship—to exercise supplemental jurisdiction over related local claims from the same "case or controversy." *Exxon Mobile v. Allapattah Servs.*, 545 U.S. 546, 559 (2005). The grant of jurisdiction in Section 1367(a) is subject to Sections 1367(b) and 1367(c). *Id.* Section 1367(b) limits Section 1367(a)'s grant of supplemental jurisdiction in diversity of citizenship cases when various actions are taken that destroy complete diversity of citizenship. *Id.* at 560. Section 1367(c) specifies four scenarios in which a district court may decline to exercise supplemental jurisdiction over a claim under Section 1367(a):

   (1) the claim raises a novel or complex issue of State law,
   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
   (3) the district court has dismissed all claims over which it has original jurisdiction, or
   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

contractor." (Dkt. No. 67 at 5).

The Third Circuit's opinion in *Lyon* is instructive here. The plaintiff in *Lyon* was an at-will, hourly employee, who brought suit against her employer in federal court for failing to pay her overtime under the FLSA and failing to timely and completely pay her a promised bonus in violation of state contract and tort law. 45 F.3d at 758–59. The plaintiff prevailed at trial on all three claims and the defendant appealed the tort claim verdict. *Id.* at 759. The Third Circuit vacated the judgments on the tort and contract claims, finding that the district court did not have supplemental jurisdiction over them under Section 1367(a). *Id.* at 764. The court noted:

> Lyon's FLSA claim involved very narrow, well-defined factual issues about hours worked during particular weeks. The facts relevant to her state law contract and tort claims, which involved [her employer's] alleged underpayment of a bonus and its refusal to pay the bonus if Lyon started looking for another job, were quite distinct.

*Id.* at 763. Accordingly, the court found that "Article III bar[red] federal jurisdiction." *Id.*

Here, the extent of Plaintiffs' FLSA claim is that during the course of the four-year period during which Mr. Victorin worked with Pascal "from time to time," Pascal "failed to pay Plaintiff Mackenson Victorin double time for holidays or Sunday work or over 40 hours of work in violation of the [FLSA]." (Dkt. No. 1 at ¶ 10).[5] By contrast, Plaintiffs' local claims pertain to a specific incident which occurred on one of the occasions when Mr. Victorin was working for

---

[5] In the Maynard Defendants' Opposition, they argue that Plaintiffs support their FLSA claim with allegations that Defendant Pascal failed to take out and match social security payments due, failed to withhold taxes, and failed to take out worker's compensation insurance. (Dkt. No. 63 at 2–3). However, in contrast to Plaintiffs' allegation in paragraph ten of the Complaint that Defendant Pascal failed to pay overtime in violation of the FLSA, Plaintiffs' allegations regarding social security payments and worker's compensation insurance in paragraphs eleven and twelve do not reference the FLSA. (See Dkt. No. 1 at ¶¶ 10–12). Further, the FLSA imposes no duty on employers related to social security payments and worker's compensation insurance. *See Lawrence v. Philadelphia*, 527 F.3d 299, 303 (3d Cir. 2008); GERALD MAYER, CONG. RESEARCH SERV. R42713, THE FAIR LABOR STANDARDS ACT (FLSA): AN OVERVIEW (2013). Accordingly, the only allegation Plaintiffs make to support their FLSA claim is that Defendant Pascal failed to pay overtime.

Pascal. Specifically, Plaintiffs allege that "[i]n early March 2011, Plaintiff Mackenson Victorin was called back to work with Defendant Pascal and was assigned to work at the Maynard house." (*Id.* at ¶ 17). According to Plaintiffs, Mr. Victorin sustained injuries when "[a]t approximately 2:30 p.m., Plaintiff Mackenson Victorin slipped while painting and fell some 25 to 30 feet to the ground." (*Id.* at ¶ 23).

Plaintiffs' claims against Hamilton and the Maynard Defendants are that Hamilton recommended that the Maynard Defendants hire Pascal to perform the work at their home, and that the Maynard Defendants did so, despite both Hamilton and the Maynards being on notice that Pascal was not reputable, did not employ safe working practices, and did not carry liability or worker's compensation insurance. (*Id.* at ¶¶ 14–16). Plaintiffs further allege that Mr. Victorin suffered a litany of injuries and incurred damages "[a]s a result of the negligent acts and omissions of the Defendants[.]" (*Id.* at ¶ 28).

The Court cannot exercise supplemental jurisdiction over Plaintiffs' local claims, as Defendants seem to urge, when the purported nexus between those claims and Plaintiffs' FLSA claim is that the Maynard Defendants and Hamilton were allegedly on notice that Pascal allegedly failed to pay his employees overtime in violation of the FLSA and thus had notice that he was not a reputable contractor. As in *Lyon*, Plaintiffs' FLSA claim will need to be supported by "very narrow, well-defined factual issues about hours worked during particular weeks."[6] 45 F.3d at 763. This showing is "quite distinct" from the facts that Plaintiffs would need to establish to demonstrate that the prerequisites for the negligence and breach of contract causes of action have been satisfied. Indeed, there is even less of a nexus between Plaintiffs' FLSA and local claims here than there was between the *Lyon* plaintiff's FLSA and state law claims. The *Lyon*

---

[6] Additionally, Plaintiffs will need to establish that Pascal is an employer subject to the FLSA. *See Reich v. Gateway Press*, 13 F.3d 685, 694 (3d Cir. 1994); 29 U.S.C. §§ 203, 206, 207.

plaintiff's state law claims—albeit insufficient to establish the necessary nexus—were predicated on the same subject matter as her FLSA claim: the defendant employer's alleged duty and failure to pay her monies owed. *Id.* at 758–59. Here, the purported "link"—if any—is, at best, much more tenuous.

Nor can the Court exercise supplemental jurisdiction on the grounds, as the Maynards suggest, that the FLSA and local claims "arise from the employment relationship between Victorin and Pascal." (Dkt. No. 63 at 4). Such a purported nexus would be so broad as to render the "common nucleus of operative facts" requirement meaningless. Under such an interpretation, any of the myriad aspects of one's employment relationship, and any disputes associated therewith, could be deemed to be related to an FLSA claim. Such an interpretation would be the polar opposite of the Third Circuit's ruling in *Lyon*.

Hamilton and the Maynard Defendants further argue that, if they are found liable for negligence, the amount of money that Defendant Pascal paid Mr. Victorin over the course of Mr. Victorin's employment will be "relevant" both to Plaintiffs' negligence claims, in terms of calculating Mr. Victorin's lost wages for Plaintiffs' damages award, and to Plaintiffs' FLSA claim, in terms of Defendant Pascal's failure to pay Mr. Victorin overtime. (Dkt. No. 63 at 4; Dkt. No. 67 at 5). In other words, Defendants contend that Plaintiffs' request to be compensated for Mr. Victorin's lost wages transforms Plaintiffs' negligence claims (predicated on Mr. Victorin falling from a roof while painting) into part of the same constitutional case or controversy as their claim that Pascal failed to pay Mr. Victorin overtime in violation of the FLSA.

This argument fails. The question at bar is not whether the underlying facts are "relevant" to both Plaintiffs' FLSA and local claims, but rather, whether the claims "derive from a common

8

nucleus of operative facts," *Gibbs*, 383 U.S. at 725, to the point that the "*claims* . . . are so related . . . that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (emphasis added).[7] Accordingly, Defendants' argument that the Court has supplemental jurisdiction over Plaintiffs' local claims on the grounds that Plaintiffs seek Mr. Victorin's lost wages as part of their damages is unavailing.

In sum, the Court finds that Plaintiffs' local claims fail to satisfy Section 1367(a)'s nexus requirement because they do not derive from a "common nucleus of operative facts" with Plaintiffs' FLSA claim. *Gibbs*, 383 U.S. at 725.[8] Therefore, Plaintiffs' FLSA claim and their local claims are not so related that they form part of the same case or controversy. 28 U.S.C. 1367(a).[9] Accordingly, Article III prohibits the Court from exercising jurisdiction over these claims.[10]

## B.    Attorney's Fees and Costs

Defendants request an award of attorney's fees and costs if the Court dismisses Plaintiffs' local claims. (Dkt. No. 63 at 8; Dkt. No. 67 at 10). Defendants argue that an award of fees and

---

[7] Indeed, Plaintiffs' request for lost wages is not an independent claim in and of itself and, therefore, it inherently cannot stand as a "claim . . . so related" to Plaintiffs' FLSA claim "that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

[8] Because Plaintiffs' negligence and breach of contract claims fail to meet the "nexus" prong, the Court need not reach the "one proceeding" prong. *Lyon*, 45 F.3d at 760.

[9] Because the Court does not have supplemental jurisdiction under Section 1367(a), there is no need to consider Section 1367(c) and its factors for declining to exercise supplemental jurisdiction.

[10] In *Lyon*, the Third Circuit further advised that "when a court exercises federal jurisdiction pursuant to a rather narrow and specialized statute [such as the FLSA] it should be circumspect when determining the scope of its supplemental jurisdiction." *Id.* at 764. In this vein, the court noted that "[c]ongressional intent may provide a second, non-constitutional ground for finding that the district court did not have jurisdiction over Lyon's state law claims." *Id.* Here as well, "congressional intent may provide a second, non-constitutional ground" for the Court's holding that it does not have jurisdiction over Plaintiffs' local claims.

costs may be appropriate where a plaintiff seeks dismissal of an action without prejudice, pursuant to Rules 41(a)(2) and 41(d) of the Federal Rules of Civil Procedure. (Dkt. No. 63 at 9; Dkt. No. 67 at 10–11). However, the Court has determined that Plaintiffs' local claims must be dismissed on subject matter jurisdiction grounds—a basis for dismissal that can be raised at any point in the proceedings. Fed. R. Civ. P. 12(h)(3). Accordingly, the Court will deny Defendants' request for an award of fees and costs.

### III.   CONCLUSION

For the foregoing reasons, the Court finds that it does not have supplemental jurisdiction over Plaintiffs' negligence and breach of contract claims. Accordingly, Plaintiffs' "Motion to Sever and Dismiss Plaintiffs' Negligence Claims" (Dkt. No. 60) is granted and the Court will dismiss Plaintiffs' negligence and breach of contract claims. Further, the Court will deny Defendants' request for an award of fees and costs. An appropriate Order accompanies this Memorandum Opinion.

Date:  September 29, 2014                            _____/s/_____
                                                     WILMA A. LEWIS
                                                     Chief Judge